## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERNEST K. TOELKES | ) | |
| 8600 S.E. Adams | ) | |
| Wakarusa, Kansas 66546 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.  15-CV-2651 |
| | ) | |
| BNSF RAILWAY COMPANY | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SERVE: The Corporation Company | ) | |
| Registered Agent | ) | |
| 112 S.W. 7th Street, Suite 3C | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Ernest K. Toelkes, by and through counsel, and files this Complaint against Defendant, BNSF Railway Company, a corporation, and respectfully states as follows:

## PARTIES

1.      Plaintiff, Ernest K. Toelkes is and was at all times herein relevant a citizen and resident of the State of Kansas, residing at 8600 S.E. Adams, Wakarusa, Kansas 66546.

2.      Defendant, BNSF Railway Company ("BNSF") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad in and interstate commerce with facilities, tracks and employees located in and through several states, including in and through the State of Kansas.  At all times material BNSF received, accepted and transported various shipments of freight in and through the State of Kansas, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its

business in said State, and at all times material was and is presently conducting business in the State of Kansas and in and through this federal judicial district.

3.      At all times material Defendant BNSF has and continues to maintain and operate a substantial railroad system in and through Wyandotte County, Kansas City, Kansas including at the immense Argentine Yard facility at 4515 Kansas Avenue in Wyandotte County where BNSF has numerous offices, tracks, repair facilities, employees and a BNSF Claims Office from which the BNSF Claims Representative directly involved in the facts as alleged Counts II and III of this Complaint reported to.

4.      Defendant BNSF can be served through its agent for service of process at The Corporation Company, Inc., 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

## JURISDICTION & VENUE

5.      Count I of this action is instituted and prosecuted pursuant to the applicable provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. and this Court has jurisdiction over Defendant BNSF pursuant to the FELA, 45 U.S.C. § 56.

6.      Count II of this action is instituted and prosecuted pursuant to the applicable provisions of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA") and this Court has subject matter jurisdiction of this claim pursuant to the FRSA, 49 U.S.C. § 20109(d)(3).

7.      Count III of this action is instituted and prosecuted pursuant to Kansas state law and this Court has supplemental jurisdiction of this claim pursuant to 28 U.S.C. § 20109(d)(3).

8.      A substantial part of the events giving rise to both of Plaintiff's causes of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1367.

## COUNT I - FELA

9.      Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1

through 8 of his Complaint as if the same were set forth verbatim herein.

10.     That at all times material herein, Plaintiff was employed by Defendant BNSF as an electrician employee and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroadl1.     That on or about August 27, 2013 while working in the course and scope of his railroad employment at Defendant BNSF's yard in Topeka, Kansas Plaintiff sustained serious injuries and damages to his left upper extremity as a result of dismounting a locomotive in BNSF's yard at a location north of Building 12 where the ground was depressed requiring Plaintiff to  extend and stretch his body and upper extremities in order to maintain proper three point contact and plant his feet on the ground below.

12.     That pursuant to the FELA, 45 U.S.C. § 51, *et seq*., Defendant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods for work, and a duty to exercise ordinary care in connection with all aspects of Plaintiff's working environment on August 27, 2013.

13.     That Defendant BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a)     Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b)     Defendant failed to provide Plaintiff with reasonably safe conditions for work;

(c)     Defendant failed to provide Plaintiff with reasonably safe tools and equipment for

work;

(d)     Defendant failed to provide Plaintiff with reasonably safe methods for work;

(e)     Defendant failed to provide Plaintiff with reasonably safe supervision for work;

(f)     Defendant allowed and permitted hazardous and unsafe conditions to exist with the ground at the place and time where Plaintiff was injured;

(g)     Defendant violated one or more applicable statutory provisions promulgated by the Occupational Safety & Health Administration; and/or

(h)     Defendant violated one or more of the statutory provisions set forth in the applicable Code of Federal Regulations.

14.     That Defendant knew, or in the exercise of ordinary care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could or would cause Plaintiff harm.

15.     That Plaintiff's injuries were caused, even in the slightest, as a result of one or more of Defendant's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of the FELA, 45 U.S.C. § 51, *et seq*.

16.     That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to his left upper extremity with bruising, straining, spraining, tearing, twisting, and/or pulling to the soft tissues, ligaments, tendons, muscles, cartilages, bones, blood vessels, and nerves of the aforementioned body parts, all of which have resulted in severe pain, instability, limitation of motion, loss of function, sensory changes, permanent impairment, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to

suffer such pain, anguish and anxiety in the future.

17.     That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will require such additional care and treatment in the future; that he has incurred expenses for his medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future.

18.     That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff was seriously injured and Plaintiff has sustained a past wage loss and an impairment of his earning capacity, both past and future, and a loss of fringe benefits of employment, both past and future.

WHEREFORE, Plaintiff Ernest K. Toelkes prays for judgment against Defendant, BNSF Railway Company under Count I of his Complaint for such sums as are fair and reasonable in excess of seventy five thousand dollars ($75,000.00), for any and all costs expended and incurred, and for any and all other relief permitted by law this Court deems just and proper.

## COUNT II - FRSA

19.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 8 of his Complaint as if the same were set forth verbatim herein.

20.     At all times relevant, Plaintiff was employed by Defendant BNSF as an electrician and qualified as an employee of BNSF within the meaning of 49 U.S.C. § 20109.

21.     Prior to becoming employed by BNSF, Plaintiff completed a lengthy and detailed medical questionnaire as part of his employment application and underwent at least one pre-employment medical examination at the direction of BNSF.

22.     After submitting his employment application and satisfying all pre-employment medical examinations, Plaintiff was hired by BNSF on February 25, 2013 as a qualified electrician employee.

23.     From his hire date of February 25, 2013 until the injury incident of August 27, 2013 Plaintiff was working full-time as an electrician employee for BNSF with no medical or physical restrictions.

24.     That on or about August 27, 2013 while working in the course and scope of his railroad employment at Defendant BNSF's yard in Topeka, Kansas Plaintiff sustained serious injuries and damages to his left upper extremity as a result of dismounting a locomotive in BNSF's yard at a location north of Building 12 where the ground was depressed requiring Plaintiff to  extend and stretch his body and upper extremities in order to maintain proper three point contact and plant his feet on the ground below.

25.     On August 27, 2013 soon after the incident, Plaintiff reported his injury incident to his acting BNSF supervisor(s), received medical treatment at St. Francis Hospital in Topeka, and thereafter returned to BNSF property where Plaintiff completed a BNSF Employee Injury /Occupational Illness Report, a handwritten statement, signed a blank medical records/records release authorization, provided at least one oral statement, assisted in two separate reenactments of the injury incident, and thereafter was permitted to leave BNSF's property to lay off injured.

26.     During the time period beginning August 28, 2013 while Plaintiff was receiving medical treatment for his left upper extremity injury, BNSF by and through its Claims

used the blank records release authorization to obtain any records it could find concerning Plaintiff, including records not related to his August 27, 2013 work incident and resulting

27.     During its records fishing expedition, BNSF by through its Claims Department uncovered four prior workers' compensation claims from the 1990s that Plaintiff did not recall at the time he completed his employment application in February 2013.

28.     The four prior workers' compensation claims were all minor, were totally unrelated to Plaintiff's left upper extremity, and occurred more than thirteen years prior to Plaintiff hiring on with BNSF.

29.     By letter dated October 22, 2013 Plaintiff was advised that he was required to attend a disciplinary investigation for allegedly falsifying his application for employment with BNSF.

30.     The disciplinary investigation hearing occurred in Topeka, Kansas on November 5, 2013 at which Plaintiff and BNSF Claims Representative Christopher Johnson testified.

31.     At the November 5, 2013 disciplinary investigation hearing BNSF Claims Representative Christopher Johnson admitted that after Plaintiff's records were obtained the information contained therein was compared to the information contained in Plaintiff's February 25, 2013 employment application with BNSF.

32.     At the November 5, 2013 disciplinary investigation hearing BNSF Claims Representative Christopher Johnson admitted that comparing personal records to information contained within an application for employment is standard procedure any time there is an injury reported and that BNSF gathers such records of only those employees who file an injury report.

33.     The only reason Plaintiff's distant records were obtained and compared with his February 25, 2013 application for employment was because Plaintiff reported a work-related

injury on August 27, 2013.

34.     Had Plaintiff not reported a work-related injury on August 27, 2013 his distant records never would have been obtained by BNSF and the disciplinary investigation never would have occurred.

35.     By letter dated November 18, 2013 Plaintiff was found guilty as charged and permanently terminated from service of Defendant BNSF.

36.     Plaintiff engaged in a protected activity under the FRSA when he reported his August 27, 2013 work-related injuries to his employer, Defendant BNSF.

37.     Defendant BNSF had actual knowledge of Plaintiff's protected activity of reporting a work-related injury on August 27, 2013.

38.     Defendant BNSF took adverse or an unfavorable action against Plaintiff on November 18, 2013 when BNSF assessed discipline against Plaintiff to include permanent dismissal as an employee of Defendant BNSF.

39.     Plaintiff's protected activity of reporting a work-related injury to Defendant BNSF was at least a contributing factor in Defendant BNSF's resulting adverse or unfavorable action against Plaintiff.

40.     In assessing discipline of permanent termination against Plaintiff, Defendant BNSF acted intentionally, outrageously, with reckless disregard for the law and with complete indifference to Plaintiff's rights under the FRSA.

41.     On or about January 15, 2014 Plaintiff filed a FRSA Complaint with the Secretary of Labor's Region VII OSHA Whistleblower Office ("OSHA") which was within 180 days from the date of Defendant BNSF's adverse action taken against Plaintiff.

42.     The Region VII OSHA Whistleblower Office commenced its investigation, and Plaintiff fully cooperated with OSHA's investigation.  On September 30, 2014 the Acting Regional Administrator for the Region VII OSHA office issued a merit decision, finding that Defendant BNSF's actions directed to Plaintiff as alleged herein violated the FRSA and awarded total damages in favor of Plaintiff in excess of $225,000.00.

43.     On or about October 23, 2014 Defendant BNSF appealed OSHA's merit decision and filed its Objections and Request for Hearing with the United States Department of Labor, Office of Administrative Law Judges.

44.     OSHA had not issued a final decision within 210 days after the filing of Plaintiff's FRSA Complaint.  The delay was not due to any bad faith on the part of the Plaintiff.

45.     On or about November 24, 2014 Plaintiff filed with the United States Department of Labor, Office of Administrative Law Judges his Notice of Intention to File Original Action in United States District Court.

46.     On or about December 4, 2014 Administrative Law Judge Larry S. Merck acknowledged Plaintiff's Notice of Intention to File Original Action in United States District Court and entered an Order dismissing Plaintiff's OSHA Complaint, without prejudice.

47.     Pursuant to 49 U.S.C. § 20109 (d)(3) of the FRSA, Plaintiff has a statutory right to bring this original action in this United States District Court for a jury trial regarding a railroad carrier's violations of the FRSA.

48.     Pursuant to 49 U.S.C. § 20109 (d)(3) this United States District Court has jurisdiction over this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage railroad employees to freely report all injuries without fear of any retaliation, thereby ensuring the Federal Railroad Administration has the

necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, Plaintiff Ernest K. Toelkes demands a Judgment under Count II of his Complaint for all relief necessary and permitted in order to make him whole, including but not limited to the following which may be applicable to Plaintiff: expunging of all references to disciplinary action from Plaintiff's BNSF records related to Plaintiff's reporting of his August 27, 2013 injury; compensatory damages for mental anguish and emotional distress due to BNSF's unlawful conduct; compensatory damages for Plaintiff's past and ongoing wage and fringe benefit loss; punitive damages in the amount of $250,000.00 the maximum amount permitted under law; and special damages for all litigation costs including expert witness fees and attorney fees; all in excess of seventy five thousand dollars ($75,000.00).

## COUNT III - RETALIATION

49.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 8 of his Complaint as if the same were set forth verbatim herein.

50.     On or about August 27, 2013 plaintiff sustained an injury while working for Defendant BNSF for which Plaintiff might assert a future claim under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*.

51.     On or about August 27, 2013 Defendant BNSF had actual knowledge of Plaintiff's on-the-job injury for which he might file a FELA claim.

52.     Defendant BNSF took adverse or an unfavorable action against Plaintiff on November 18, 2013 when BNSF assessed discipline against Plaintiff to include permanent dismissal as an employee of Defendant BNSF.

53.     Plaintiff's protected activity of informing Defendant BNSF of his on-the-job for which he might file a FELA claim as a direct and proximate cause of Defendant BNSF's

resulting adverse or unfavorable action against Plaintiff.

54.     Defendant BNSF's conduct constitutes retaliation against Plaintiff for exercising his rights under the FELA in violation of Kansas public policy, as held by the Kansas Supreme Court in *Hysten v. Burlington Northern Santa Fe Railway Co*., 108 P.3d 437 (Kan. 2004).

55.     As a direct and proximate result of Defendant BNSF's conduct as described herein, Plaintiff has sustained and will sustain in the future damages in the form of past and ongoing wage and fringe benefit loss, mental anguish and emotional distress, and loss of enjoyment of life.

WHEREFORE, Plaintiff Ernest K. Toelkes prays for judgment against Defendant, BNSF Railway Company under Count III of his Complaint for such sums as are fair and reasonable, including prejudgment interest all in excess of seventy five thousand dollars ($75,000.00), for any and all costs expended and incurred, and for any and all other relief permitted by law this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

DATED this 10th day of March, 2015.

Respectfully submitted,

CHOD LAW, LLC

*/s/  Andrew M. DeMarea*
Jeffrey E. Chod (KDC #78499)
1942 Broadway Street, Suite 411
Boulder, Colorado 80302
Telephone: (303) 209-3726
Facsimile: (303) 938-6850
jchod@chodlawfirm.com

KENNER NYGAARD DeMAREA KENDALL LLC

Andrew M. DeMarea (KDC #16141)
117 W. 20th Street, Suite 201
Kansas City, Missouri 64108
Telephone:  (816) 531-3100
Facsimile:  (816) 531-3600
andy@kndklaw.com

**ATTORNEY FOR PLAINTIFF**