IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERNEST K. TOELKES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 15-2651-JAR-GEB |
| | ) |
| **BNSF RAILWAY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Determination of Place of Trial (**ECF No. 21**). The Court has considered the motion, as well as Plaintiff's Response (ECF No. 29) and Defendant's Reply (ECF No. 36). For the reasons set forth below, Defendant's motion shall be **GRANTED**.

### Background

Plaintiff, a resident of Wakarusa, Kansas, was an employee of defendant BNSF Railway Company when he was injured dismounting a locomotive in BNSF's Topeka, Kansas rail yard. He alleges his injuries were caused by Defendant's negligence and/or its violations of statutory and safety regulations under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Three months after the injury, Plaintiff's employment was terminated. He claims his protected activity—reporting his work-related injury to Defendant—was at least a contributing factor in his termination.

Therefore, he argues his termination was a violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA") and constitutes retaliation in violation of Kansas public policy.

Plaintiff filed this case on March 10, 2015 and designated Kansas City, Kansas as place of trial. (ECF No. 3.)  On August 25, 2015, Defendant filed its Motion seeking to change the place of trial to Topeka, Kansas. (ECF No. 21.)

### Legal Standard

Although the party initiating a federal case must designate its preferred place of trial, the "court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e).  The District of Kansas comprises one large judicial district, and despite having record offices in three cities, the District has no true divisions.  Due to technological advancements and electronic filing, a case file is accessible throughout the District.  Therefore, addressing the "place of trial" issue as an intradistrict "transfer" is somewhat of a misnomer.  Despite the variations in terminology, when reviewing motions to determine place of trial, the judges in this district have long applied the factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue.[1]

> ... This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness. The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the

---

[1] *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014); *see also Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)(citations omitted).

2

possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.

The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient.[2]

The Court considers the relevant factors below.

## Discussion

### A. Plaintiff's Choice of Forum

Unless the balance tips heavily in favor of transfer, the plaintiff's choice of forum is generally of significant weight.[3] However, "when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[4] Plaintiff has designated Kansas City, Kansas as the place of trial but he lives in Wakarusa, Kansas—only 12 miles from the Topeka courthouse but approximately 70 miles from the Kansas City court. Plaintiff provides no personal connection to Kansas City and concedes his choice is given less weight as a result of his lack of association with his chosen forum.

Despite this concession, Plaintiff contends his choice should remain a factor in the Court's analysis because he actually lives in neither forum. Plaintiff relies on the case of *Nkemakolam v. St. Johns*,[5] where the plaintiffs' choice of trial location was given some

---

[2] *Lopez-Aguirre*, 2014 WL 853748, at *1.
[3] *Id.*
[4] *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006)).
[5] *See Nkemakolam v. St. John's Military School*, No. 12-2132-JWL, 876 F.Supp.2d 1240, 1248 (D. Kan. June 26, 2012) (finding that the court's deference to plaintiffs' choice of forum is lessened by the fact that they do not reside in Kansas, but the plaintiffs' residence out-of-state and the presence of large airport makes Kansas City a more convenient forum).

3

weight because the plaintiffs lived in neither forum.  However, *Nkemakolam* is distinguishable because those plaintiffs lived out of state and not significantly closer to one forum.  Here, Plaintiff lives close to Topeka and significantly farther from Kansas City; therefore the Court finds this factor neutral to its analysis.

### B.   Convenience and Accessibility of Evidence

The next factor the Court considers is the convenience and accessibility of witnesses and other sources of proof.  When the weight of the plaintiff's choice of forum is reduced, the "relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer."[6]  The selected forum must be "substantially inconvenient" to merit a change in the plaintiff's chosen place of trial.[7] Kansas courts have defined "substantially inconvenient" to mean a majority, if not all, witnesses must travel from a different forum, creating a substantial burden for those witnesses.[8]

Defendant submits that, of 21 combined witnesses identified in the parties' Rule 26(a) Initial Disclosures, only two are located in Kansas City—and both are Defendant's own employees.  Two other witnesses are located out of state, but the remaining 17 witnesses are in the Topeka area, including two in Wakarusa, Kansas (approximately 12 miles from the Topeka courthouse) and two in in Overbrook, Kansas (approximately 31

---

[6] *McIntosh v. City of Wichita, KS*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015) (citing *Menefee v. Zepick*, No. 09–2127–JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009)).
[7] *Id.*
[8] *Id.* (collecting cases discussing the potential disruption to witnesses which would be caused by travel to the selected forum).

miles from the Topeka courthouse and 72 miles from Kansas City).  Included in those witnesses are five medical providers who are all located in Topeka except one in Carbondale, Kansas (only 17 miles from Topeka).

Plaintiff argues the primary actor in his termination is a BNSF Claims Department employee located in Kansas City, while Defendant's corporate headquarters are located in Texas, including its Claims Department.  He asserts "virtually non-existent" commercial air travel to Topeka makes the forum much less convenient than Kansas City, where an international airport is located.  Plaintiff contends witnesses reside not only in Topeka but in Kansas City and Texas, and currently unknown expert witnesses will "most probably" reside in other cities.

Although four named witnesses reside elsewhere, Plaintiff cannot dispute the vast majority of witnesses live in or near Topeka.  Despite Plaintiff's contention that future-identified witnesses may "most probably" hail from other cities, "probably" is not enough to overcome the clear burden to the named witnesses.  Traveling from Topeka to Kansas City—at least a 60-mile one-way trip—would be a burden on the majority of witnesses, and significantly increase the travel time for those witnesses already driving to Topeka from the smaller surrounding communities. Furthermore, the convenience of potential paid expert witnesses is given less consideration when the majority of fact witnesses reside in or nearer to one forum.[9]

With regard to other sources of proof, Defendant further asserts all events giving rise to this lawsuit transpired in Topeka.  In fact, Plaintiff's entire employment with

---

[9] *Lopez-Aguirre*, 2014 WL 853748 at *2.

BNSF took place there. Aside from disputing Defendant might actually transport a jury to the BNSF railyard to view the location of the accident, Plaintiff does not otherwise contest evidence regarding his employment and injury will be located in the Topeka railyard.

As an alternative to modifying the place of trial, Plaintiff asks the Court to deny Defendant's motion without prejudice to re-examining the issue closer to the time of trial. Citing previous decisions in this district, Plaintiff urges the Court to permit the case to progress through discovery and allow the parties to finalize their witness lists before determining the proper place of trial.[10]

However, at least one of the cases cited by Plaintiff is distinguishable from the case at hand. In *Performance Food Grp., Inc. v. Ajax Int'l Grp. LLC*, the parties had not yet exchanged initial witness lists, so the "Court [was] unable to conduct a meaningful analysis as to the convenience for witnesses."[11] And although other courts have reasoned otherwise, the Court finds waiting until the parties exchange final witness lists under Rule 26(a)(3)(B)—only 30 days prior to trial—is far too late to reconsider the place of trial and still allow the witnesses and parties to arrange cost-effective travel and lodging arrangements.

The Court therefore concludes that Topeka is a more convenient location for trial than Kansas City. The majority of witnesses, including Plaintiff, reside in or near

---

[10] *See Performance Food Grp., Inc. v. Ajax Int'l Grp. LLC*, No. 12-2525-JAR-DJW, 2012 WL 5227926, at *2 (D. Kan. Oct. 22, 2012); and *McIntosh*, 2015 WL 1646402, at *3.

[11] *Performance Food Grp., Inc.*, 2012 WL 5227926, at *2. *See also E.E.O.C. v. Newman Univ.*, No. 05-2404-KHV, 2006 WL 23566, at *2 (D. Kan. Jan. 4, 2006) (denying motion for determination of place of trial where initial witness lists and Rule 26(a) disclosures had not been exchanged).

6

Topeka.  Other sources of proof are more accessible in Topeka because Plaintiff's injury and employment by Defendant took place there.  This factor weighs heavily in support of changing the place of trial.

C.      **Fair Trial**

Neither party advances an argument that either forum would result in an unfair trial.  Therefore, this factor is neutral to the analysis.

D.      **Other Practical Considerations**

The Court may also consider any aspects which could make the trial "easy, expeditious and economical."[12]  For example, Plaintiff argues Kansas City is more convenient to all attorneys.  It is true all local counsel are located in the Kansas City metro area, with one attorney in Denver, Colorado and no counsel practicing in Topeka. While it may be a factor to consider, the Court gives less weight to the location of counsel,[13] particularly when the location of witnesses is so disparate and other factors weigh heavily toward transfer.

---

[12] *Lopez-Aguirre*, 2014 WL 853748, at *1.

[13] *McIntosh*, 2015 WL 1646402, at *3; *see Pope v. Quivira Council, Boy Scouts of Am.*, No. 06-2130-KHV, 2007 WL 3003002, at *2 (D. Kan. Oct. 12, 2007); *Studdard By & Through Studdard v. Connaught Labs., Inc.*, No. 91–1075–MLB, 793 F. Supp. 291, 292 (D. Kan. 1992).  *See also Oliver v. Schmidt Transp., Inc.*, No. 11-1158-JAR, 2011 WL 4368999, at *2 (D. Kan. Sept. 19, 2011) (denying transfer from Wichita to Kansas City, despite defendants' counsel offices in Overland Park and Lawrence, Kansas); *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2010 WL 4386911, at *4 (D. Kan. Oct. 29, 2010) (acknowledging the location of counsel as a factor in the court's decision, but granting transfer when counsel was located in both forums and the majority of the parties, witnesses and sources of proof are in the transferee forum).

Defendant argues the overall costs of the trial—including mileage, meals, and hotel expenses—would be reduced if the trial were moved to Topeka.  It demonstrates that, allowing for mileage, witness fees and tolls, trips from the Topeka area to the Kansas City courthouse could cost witnesses, on average, six to seven times more per day than simply testifying in Topeka.[14]  This does not include the potential cost of witnesses being absent from work when required to travel an additional 60 miles one way, or the loss in patient revenue for those Topeka physicians forced to testify in Kansas City.[15]  Requiring the majority of witnesses to incur these unnecessary expenses and difficulties does not make this case easier or economical, and violates the mandate of Fed. R. Civ. P. 1 to this Court to "secure the just, speedy, and inexpensive determination" of this case.

## Conclusion

As the party seeking to transfer the case, Defendant has the burden to demonstrate Plaintiff's selected forum is inconvenient.[16]  Because a majority of witnesses would be forced to travel from Topeka to Kansas City, with the accompanying costs in time and resources, the Court finds Defendant has met its burden to demonstrate Kansas City is

---

[14] *See* Def.'s Mot., ECF No. 22, at 17-18, explaining, "trips to Kansas City from Topeka will cost the parties about $75.50 per trip, per witness in mileage and tolls, versus no more than about $10.00 if the trial were in Topeka for witnesses located in Topeka. Trips to Kansas City from Wakarusa will cost the parties about $89.00 per trip, per witness in mileage and tolls, versus about $14.00 if the trial were in Topeka for witnesses located in Wakarusa. Trips to Kansas City from Overbrook will cost the parties about $86.00 per trip, per witness in mileage and tolls, versus about $36.00 if the trial were in Topeka."

[15] *See McIntosh*, 2015 WL 1646402, at *3 (citing *Spires,* 2006 WL 1642701, at *3) (noting "The Court also may consider the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients.").

[16] *Lopez-Aguirre*, 2014 WL 853748, at *1.

"substantially inconvenient."[17] "Simply put, this case has nothing to do with Kansas City and has everything to do with Topeka, which makes the latter location far more convenient."[18]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Determination of Place of Trial (**ECF No. 21**) is **GRANTED**. The trial of this matter shall be held in Topeka, Kansas.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of November, 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[17] *McIntosh*, 2015 WL 1646402, at *2.
[18] *Lopez-Aguirre*, 2014 WL 853748, at *2.